[S. F. No. 443.   Department One.—March 10, 1897.]

## JULIA K. DUFF ET AL., APPELLANTS, v. A. W. RANDALL ET AL., RESPONDENTS.

VOIDABLE CONVEYANCE—FRAUD OF ATTORNEY IN FACT—PROTECTION OF BONA FIDE PURCHASER.—Where a conveyance is invalid as to the grantor by reason of the fraud of an attorney in fact who has authority to convey, it is not absolutely void, and a *bona fide* purchaser from the grantee, for value, without notice of the fraud, will hold the title as against the grantor and his heirs.

ID.—BONA FIDE PURCHASER AT FORECLOSURE SALE—LIS PENDENS PRIOR TO DEED OF SHERIFF.—The purchaser under foreclosure of a mortgage against the grantor in such conveyance, who has paid the purchase money and received the certificate of sale without notice, is protected as a *bona fide* purchaser as against the heirs of the grantor, notwithstanding the filing of a *lis pendens* in a suit by them to set aside the conveyance for fraud of the attorney in fact, prior to the execution of the sheriff's deed.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. E. W. WILSON, Judge.

The facts are stated in the opinion of the court.

*W. L. Duff, J. W. Turner,* and *L. D. McKisick,* for Appellants.

*Buck & Cutler,* for Respondents.

HARRISON, J.—Ejectment for certain lands in the county of Humboldt.

The title to the property in question was vested in William R. Duff in 1863, and upon his death, in 1875, the plaintiffs herein succeeded to his interest in the property as his heirs at law. In 1869 he, by his attorney, conveyed the property to Robert P. Duff, who mortgaged it to Huntoon July 19, 1877. In an action by these plaintiffs against Robert P. Duff (the facts of which are found in *Duff* v. *Duff,* 71 Cal. 513), it was determined that by reason of the fraud of the attorney, this conveyance did not have the effect to divest William R. Duff of his title thereto. William R. Duff had, however, given to his attorney authority to convey the property, and, although the conveyance was invalid as against William R. Duff and the plaintiffs herein, it was not absolutely void, and a *bona fide* purchaser for value from the grantee would hold the title as against William R. Duff, or as against the plaintiffs herein. The facts relating to the controversy between the parties hereto are substantially the same as those presented in the case of *Randall* v. *Duff,* 79 Cal. 115. The material difference between the present action and that is, that in that action it was shown that the suits for the foreclosure of the mortgages executed by Robert P. Duff to Ritchie and Fiebig were not commenced until after the commencement of the action of *Duff* v. *Duff, supra,* and after a notice of the *lis pendens* had been filed in the office of the county recorder; whereas, in the present case it was shown that the suit of *Duff* v. *Duff, supra,* was not commenced until after the property involved herein had been sold to the defendant Randall under the judgment in the foreclosure suit. The suit of *Duff* v. *Duff, supra,* was commenced by the plaintiffs herein December 30, 1880. The

action to foreclose the Huntoon mortgage was begun August 14, 1880, and judgment was rendered therein October 28, 1880. November 30, 1880, the sheriff sold the property under this judgment to the defendant Randall, who paid the purchase price therefor and received a certificate of sale the same day. The sheriff's deed was executed to Randall August 18, 1881, and on August 8, 1882, Randall conveyed the property to the defendants Murphy and McAleenan. Neither Randall nor either of the other defendants herein had any notice of the plaintiffs' claim to the property until after the filing of the notice of *lis pendens* in the suit of *Duff* v. *Duff*, *supra*. The present action was begun December 12, 1894.

The decision in *Randall* v. *Duff*, *supra*, was given in favor of the plaintiffs herein upon the ground that, by reason of the commencement of the action of *Duff* v. *Duff*, *supra*, before the commencement by Ritchie of his action to foreclose, the purchaser under the judgment in that action had notice of the plaintiffs' claim, and purchased subject to their rights; but it was said in the opinion given upon the rehearing in that case: "If Ritchie had foreclosed without notice of William Duff's interest in the mortgaged estate, the foreclosure would have cut off his right of redemption, for precisely the same reason that the mortgage subjected his estate to a lien—for the reason, that is to say, that no man can be allowed to mislead another to his injury." It is contended by the appellants herein, however, that this expression in the opinion is not conclusive of the present appeal, for the reason that the foreclosure of a mortgage is not complete until the time for redemption has expired and the sheriff's deed has been executed to the purchaser, and that Randall did not receive the sheriff's deed until after the commencement of the action of *Duff* v. *Duff*, *supra*. In support of this proposition counsel for appellants have cited expressions in some opinions to the effect that the term "foreclosure" implies the execution of the sheriff's deed, as well as the sale under the judg-

ment, and argue therefrom that in the present case the Huntoon mortgage was not foreclosed at the time the suit of *Duff* v. *Duff*, *supra*, was commenced. An examination of these cases, however, will show that in none of them was such a proposition decided by the court, and that the language used in the opinions was merely in the nature of an illustration. In *Goldtree* v. *McAllister*, 86 Cal. 104, it was used for the purpose of showing that when proceedings are instituted for the foreclosure of a mortgage, where the mortgaged property is situated in more than one county, the sale, as well as the deed to be executed thereunder, is to be made by the sheriff of the county in which the judgment was given, rather than that there should be several sales by the sheriffs of the different counties. The case of *National Bank* v. *Union Ins. Co.*, 88 Cal. 497, 22 Am. St. Rep. 324, merely holds that if a mortgagee buys in the property at the foreclosure sale, and a loss by fire occurs before the execution of the deed, there is not such a change of title as to deprive him of the right to the insurance money. It was said in *Sichler* v. *Look*, 93 Cal. 600: "The effect of the *sale* is of itself to extinguish the right and claim of all the defendants in the action, acquired subsequent to the date of the mortgage, and to vest in the purchaser the title of the mortgagor at the date of the mortgage, discharged of all such right and claim"; and in *Randall* v. *Duff*, *supra*, it was said: "The apparent title being in Robert P. Duff, a defendant in the foreclosure suits, we think that a purchaser at the sheriff's sales for value, and without notice, would take as good a title as if he had purchased directly from Robert P. Duff and taken a deed from him."

Although the right of a mortgagor to redeem the mortgaged premises is not cut off until the expiration of the time allowed for redemption, yet the purchaser at a sale under the judgment rendered in the foreclosure suit acquires the same interest in the property sold as does a purchaser in property sold under an ordinary money judgment. "Upon the sale the purchaser acquires all

the right, title, interest, and claim of the debtor thereto" (Code Civ. Proc., sec. 700), and only the right to redeem from this sale is left in the mortgagor. If a redemption is made by the mortgagor it is not from the lien of the mortgage, but from the sale under the judgment, and the amount which he is required to pay under such redemption is not the amount of the mortgage, but the amount for which the property was sold. Prior to the entry of the judgment the mortgagor holds the title to the property subject to the lien of the mortgage, and after the judgment is entered, and before the sale, he holds it subject to the lien of the judgment; but after the sale he has only a right of redemption, while the purchaser has the entire beneficial interest in the property, subject to be defeated by a redemption from the sale: "The execution of the deed gives to the purchaser at the sale no new title to the land purchased by him, but is merely evidence that his title has become absolute." (*Robinson* v. *Thornton,* 102 Cal. 680.) "The purchaser obtains an inchoate right which may be perfected into a perfect title without any further act than the execution of a deed in pursuance of a sale already made. It is not a mere right to have a certain sum charged upon the property satisfied out of it. The sum before charged upon the land has already been satisfied by the sale to the extent of the amount bid and paid by the purchaser. The purchaser has already bought the land and paid for it. The sale is simply a conditional one, which may be defeated by the payment of a certain sum by certain designated parties within a certain limited time. If not paid within the time the right to a conveyance becomes absolute without any further sale, or other act to be performed by anybody." (*Page* v. *Rogers,* 31 Cal. 301.) The purchaser is entitled to all the rents and profits of the property sold, or the value of its use and occupation from the time of the sale until the redemption (Code Civ. Proc., sec. 707), and if no redemption is made he is entitled to retain these rents and profits without any obligation to account therefor to the mortgagor.

Strictly speaking, however, there could have been no "foreclosure" of the plaintiffs herein in the suit upon the Huntoon mortgage.   A foreclosure is limited to the mortgagor and those claiming under him, while the plaintiffs herein claim by title superior to both the mortgagor and the mortgagee in the action on the Huntoon mortgage, and in the respect that their title is paramount thereto it would not be affected by that suit; but to the extent that they are estopped as against the mortgagee or the purchaser at the sale under his judgment from questioning the validity of the mortgagor's title, they are bound by the judgment as fully as if they had been made parties to the suit, and the extent of this estoppel is measured by the notice of their claim, given by them or by their predecessor.   This is the purport of the decision in *Randall* v. *Duff, supra*.   To the extent that William R. Duff held his attorney out to the world as authorized to convey the land, these plaintiffs are as much estopped as he would have been to assert any rights against a *bona fide* purchaser for value, under a conveyance made by the attorney.   A purchaser of real property at an execution sale stands in the same position as any other purchaser from the judgment debtor, and the certificate of sale which he receives from the sheriff is a conveyance within the meaning of the recording act, by which he is protected from the unrecorded claims of others, of which he did not have notice.   In *Foorman* v. *Wallace*, 75 Cal. 552, certain property standing of record in the name of a judgment debtor had been purchased by the defendant at a sale under execution against him, but more than two years prior to the sale the judgment debtor had conveyed the property to the plaintiff.   At the time of the purchase by the defendant this conveyance had not been recorded, but was recorded prior to the execution of the sheriff's deed.   To the contention of the plaintiff that the sale by the sheriff was inoperative as against his unrecorded deed, the court said: "The transfer is not perfect until the execution and delivery of the sheriff's deed, but by the doc-

trine of relation the deed when thus executed is to be deemed and taken as though executed at the date when the lien, of which it is the sequence, originated," and held that the defendant's title obtained at the sheriff's sale was superior to that of the plaintiff under his unrecorded deed. (See, also, *Stewart* v. *Freeman*, 22 Pa. St. 120; *Atwood* v. *Bearss*, 45 Mich. 469; *McMurtrie* v. *Riddell*, 9 Colo. 497; *Byers* v. *Engles*, 16 Ark. 543.) By virtue of the principles thus declared, the title acquired by Randall under his purchase at the sheriff's sale must prevail over that held by the plaintiffs, of which he had no notice until after he had paid the purchase money, and received the certificate of sale. He is fully protected in this purchase, and his right to this protection is the same whether he received the notice of the plaintiff's claim before or after the execution of the sheriff's deed. He was a *bona fide* purchaser for value before the notice was given, and his rights cannot be affected by any notice given thereafter. The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.