[S. F. No. 638.   Department Two.—October 6, 1897.]

PAUL BREON, Appellant, v. ANTON ROBRECHT, Respondent.

EJECTMENT—POSSESSION BY DEFENDANT PENDENTE LITE—EVICTION—STATUTE OF LIMITATIONS.—Where an action of ejectment, commenced within the statutory period of limitation, is prosecuted to a final judgment for the plaintiff, and the defendant is evicted under a writ of possession issued thereunder, the latter, although he has remained in possession during the pendency of the action, and five years have elapsed from the time at which he first took possession until his eviction, does not acquire a new or independent title by prescription, which either he or his grantee can afterward enforce notwithstanding his eviction under the judgment in ejectment.

ID.—POSSESSION CONFERS NO NEW RIGHTS.—During the pendency of the action of ejectment, the defendant can acquire no new rights as against the plaintiff by the mere fact that he remains in possession.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Scrivner & Schell, for Appellant.

Edward R. Taylor, for Respondent.

McFARLAND, J.—This is an action to quiet title to certain lands. Judgment went for defendant—the court finding "that defendant is the owner and seised in fee of all the lands" in contest, and that "plaintiff was not at the time of the commencement of this action, and never was at any time, the owner in fee or otherwise, or at all," of said lands or any part thereof. The plaintiff appeals from the judgment upon a bill of exceptions which brings up only the judgment-roll and certain admitted facts.

Appellant has no ground for reversal unless this proposition be maintainable, namely: That although an action of ejectment be commenced within the statutory period of limitation, and although such action be prosecuted to a final judgment for plaintiff, and the defendant be evicted under a writ of possession issued under such judgment, still, if the defendant has remained in possession during the pendency of the action, and five years have elapsed from the time at which he first took possession until his eviction under the judgment, then he has acquired a new and independent title by prescription, which he can afterward enforce notwithstanding his eviction under the judgment in ejectment. If that be so, a successful plaintiff in ejectment, although he commenced his action within five years after the beginning of the adverse holding, gains nothing by his suit unless he can so control the machinery of the courts and the conduct of the defendant as to obtain a judgment and the execution of a writ of restitution within five years after the first unlawful entry of the defendant. But this proposition cannot be maintained.

It is true that the mere commencement of an action of ejectment which is afterward dismissed does not disturb an adverse possession. It is true, also, that a judgment in ejectment does not conclude a title acquired subsequently to its rendition; and perhaps it does not conclude a prior title which, owing to the peculiar character of the pleadings, findings, and judgment, is clearly not embraced in the decision—although the general rule, is, that such a judgment concludes every right of possession which the defendant might have asserted under any title which he could have litigated in the action. Neither is it necessary for the purposes of this case, to consider the effect of an unexecuted judg-

ment upon adverse possession—as in *Carpenter v. Natoma Water etc. Co.,* 63 Cal. 616. An executed judgment for plaintiff in ejectment, where the suit had been commenced within the period of limitation, is conclusive against the defendant of any asserted right founded merely upon his possession either at the time of the commencement of the action or at the time of the judgment. During the pendency of the action he can acquire no new right as against the plaintiff by the mere fact that he remains in possession. During that period his right of possession is *sub judice*—"before the judge," awaiting judicial determination (*Kirsch v. Kirsch,* 113 Cal. 56); and a judgment against him judicially determines that down to the date of its rendition his possession, as against the plaintiff, has been wrongful. This principle is expressly recognized in one of the very authorities cited by appellant—*Thrift v. Delaney,* 69 Cal. 191—where the court say: "The bar of a judgment in such an action is, however, limited to the rights of the parties as they existed at the time when it was rendered, and neither the parties nor their privies are precluded by the same from showing in a subsequent action any new matters accruing after its rendition which gave the defeated party a title or right of possession." In *Satterlee v. Bliss,* 36 Cal. 514, the court say: "The judgment in the case of *Reese v. Mahoney et al.* is binding and conclusive upon the Mahoneys and all parties standing in privity with them, and estops them from denying that Reese was entitled, as against them, to the possession of the premises at the time of the rendition of the judgment."

The facts in the case at bar are, briefly, these: On April 23, 1885, one Reid went into the adverse possession of the lands in contest, without title. Within five years thereafter the present defendant, Robrecht, commenced an action (referred to by the parties as "ejectment") against Reid and others claiming to be his tenants, in which he averred that he was "the owner and entitled to the possession of" the said lands, and prayed for their restitution. The defendants in that action denied Robrecht's title, set up title in Reid, and also set up adverse possession; judgment was rendered in that action in June, 1895, by which it was found and decreed that Robrecht was the owner and entitled to possession of the lands and that Reid had no right, title, or interest therein. There was also a finding against the alleged adverse

possession, and Robrecht also recovered a certain sum of money
for rents, profits, etc., during the time Reid had held possession.
But in the same year, 1895, and shortly before said judgment
was entered, Reid, who had remained in possession of the lands
pending the suit, conveyed his interest therein to the present
plaintiff, Breon, and put him in possession; Breon commenced
this present action to quiet title about a month before the rendi-
tion of the judgment in the ejectment suit. A writ of restitution
was issued on the judgment in the ejectment suit, under which
the present plaintiff, Breon, was evicted and Robrecht placed
in possession; and Robrecht was in possession when this present
action was tried. It is admitted that the present plaintiff knew
all the facts, and occupies the same position that Reid would have
occupied if he had brought this action.

From the foregoing facts it is clear that title in the fullest
sense was involved in said action of ejectment, and that the judg-
ment in that action concluded every right which Reid had to
the lands at the time of its rendition. (See *Marshall v. Shafter,*
32 Cal. 177; *Mahoney v. Middleton,* 41 Cal. 41; *Satterlee v. Bliss,*
*supra; Byers v. Neal,* 43 Cal. 210; *Sampson v. Ohleyer,* 22 Cal.
200, and cases there cited.) In *Marshall v. Shafter, supra,* it was
declared—we quote for brevity from the syllabus—that "if the re-
spective titles of the parties, or their right to the possession of
the demanded premises, are put in issue and tried in ejectment,
and the plaintiff recovers judgment for possession, the judgment
is an estoppel, and the defendant, to avoid the estoppel in a sub-
sequent action to recover the same premises, must show some
other right of possession than he had when the judgment was en-
tered." In *Byers v. Neal, supra,* it was declared that "a judgment
for plaintiff in ejectment, when the title has been brought direct-
ly in issue, concludes the defendant against setting up in a subse-
quent proceeding any mere legal defense which he might have
made in such suit." But in the case at bar we are concerned only
with the alleged right of appellant founded on the adverse pos-
session of Reid, which was clearly concluded by the judgment in
the ejectment suit. As was said in *Marshall v Shafter, supra,*
speaking of ejectment: "The judgment for plaintiff determines
that he was entitled to possession at the commencement of the

action and the rendition of the judgment." In *Mann v. Rogers,* 35 Cal. 318, the court said: "The judgment in ejectment precludes the plaintiff in this action from asserting in another action any legal title which he held or could have made available on the trial of the former action." If the present plaintiff can maintain this action upon the alleged adverse possession of Reid, then Reid could have defeated the ejectment by filing a supplemental answer averring that since the commencement of the action his continued adverse possession had ripened into title; and, therefore, such alleged right, even if any conceivable value could be attached to it, was under the authorities above cited concluded by the judgment in ejectment.

The order appealed from is affirmed.

Henshaw, J., concurred.

TEMPLE, J., concurring.—I concur. By adverse possession during the statutory period the title of the true owner is not taken from him and vested in the person having the adverse possession. The owner is simply required to sue within a limited period. If he does not, he cannot maintain an action to recover the property. In such event the disseisor, being in possession, can maintain his right against the whole world. He could always prevail over all save the true owner, and when the owner cannot sue his title has become unassailable. But if the owner sues in time and recovers in that action, he cannot be barred by adverse possession pending his action, for the condition necessary to raise the bar has not existed. The owner has not lost his right by failing to sue. The defendant, during the pendency of the action, is in under the same claim of right he had when the suit was commenced, and the judgment determines that such claim is invalid. He has not acquired a new title by remaining in possession. His title by possession, good against all the world save the true owner, he already had. He has only the same title after the statute has run, but the true owner has then lost his right of action, and, therefore, the title of the disseisor acquired by possession has become impregnable. Here the owner has not lost his title by failing to sue.

I think the judgment in the so-called ejectment conclusive against Reid, and all persons claiming under him.

On the 2d of December, 1897, the following opinion was rendered by Department Two:

THE COURT.—In this cause the appeal was from the judgment alone; there was no appeal from an order. The opinions heretofore delivered in the cause (*ante*, p. 469 correctly treated the appeal as an appeal from the judgment and were intended to close with an affirmance of the judgment; but by a clerical mistake it was unintentionally adjudged that "the order appealed from is affirmed." The judgment of this court was accordingly entered affirming the "order" appealed from; and the mistake was not discovered until after the remittitur had gone to the court below. Thus the appeal from the judgment was left, technically, at least, undisposed of.

Now, therefore, for the reasons given in the opinions heretofore referred to, the judgment appealed from in this action is hereby affirmed.