[Civ. No. 1753. Second Appellate District.—October 6, 1915.]

## DOROTHEE SIMON, Appellant, v. CHARLES McCOY et al., Respondents.

QUIETING TITLE—DEED CLAIMED TO BE MORTGAGE—RES ADJUDICATA—ALLEGED WAIVER OF JUDGMENT—SUFFICIENCY OF EVIDENCE.—In this action to quiet title to real property and to have a certain deed declared to be a mortgage, it is held that plaintiff's cause of action was barred by a previous judgment rendered in an action of ejectment brought by the defendant herein against the plaintiff herein to recover the possession of the property, in which action the claim that the deed was a mortgage was litigated; and that the evidence is sufficient to support the finding herein that there was no agreement made between the parties that such judgment should be waived and the appeal taken therefrom abandoned, in consideration of the defendant herein filing a foreclosure suit recognizing such deed as a mortgage.

ID.—EVIDENCE—HEARSAY—CONCLUSIONS.—The testimony of one of the attorneys for the defendant in the ejectment suit, as to the effect of certain statements made to him by the attorney for the plaintiff in such suit concerning the agreement between the parties, was properly stricken out, on the ground that it was hearsay and called for the conclusion of the witness.

ID.—SUIT TO FORECLOSE DEED AS MORTGAGE—WHEN JUDGMENT IN EJECTMENT NOT WAIVED.—The filing of a complaint in an action for the foreclosure of such deed as a mortgage, and subsequent dismissal of the action, does not conclude the defendant herein from relying upon the judgment in the action of ejectment or from asserting that such deed was not a mortgage, where the evidence of the original transaction shows that such deed was deposited with a third

party to be held for a certain time, and if the debt for which it was given as security was not then paid, the deed was to be delivered to the mortgagee in full satisfaction of the indebtedness.

APPEAL from an order of the Superior Court of San Diego County denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

M. K. Young, for Appellant.

Luce & Luce, for Respondents.

CONREY, P. J.—As against the defendant Charles McCoy, this is an action to quiet title to real property described in the complaint. As against the defendant Charles McCoy, administrator of the estate of O. McCaughey, deceased, the plaintiff demands that a certain deed of that property, executed by her to the deceased, O. McCaughey, in March, 1893, be declared to be a mortgage; that she be permitted to redeem from said mortgage and that upon payment to the administrator of the amount found to be due, her title be quieted against the administrator of said estate.

Answers and cross-complaints were filed, and upon the issues raised by the pleadings the court found in favor of the defendants upon the principal issues, namely: found that the deed made by plaintiff and her then husband to O. McCaughey was a deed of grant and not a mortgage; that in the year 1910 O. McCaughey executed a deed granting the property to the defendant Charles McCoy; that the deed of O. McCaughey to Charles McCoy was delivered by the grantor to Charles McCoy and was not without consideration; and that plaintiff's cause of action is barred by the judgment rendered in that certain action of ejectment hereinafter described. Judgment was entered herein establishing the title of defendant Charles McCoy in accordance with the findings, after which the plaintiff moved for a new trial. The appeal is from an order denying that motion.

More in detail, the facts are as follows: On December 22, 1891, the plaintiff and her then husband, as security for an interest-bearing note of two thousand dollars, executed to O. McCaughey a mortgage upon the premises described in the complaint, which premises then belonged to the plaintiff.

On March 22, 1893, the mortgagors made a deed of grant purporting to convey the mortgaged premises to O. McCaughey, and deposited the same with W. T. McNealy. At the same time an agreement in triplicate was made and signed by the parties to said deed, by which agreement it was provided that the deed should be held by McNealy for nine months from the date thereof, unless prior to that time the grantors should pay the mortgage debt; that if within the period prescribed they should pay the debt, the deed should be returned to them; that if they should fail to pay the note within the prescribed time, then the deed should be delivered by McNealy to the grantee, who was to receive the same in full payment and satisfaction of the mortgage debt and at once enter satisfaction and discharge thereof upon the records of San Diego County. It is admitted that the mortgage debt was not paid within the said period of nine months, and never has been paid in any way unless by the delivery of said deed. The record shows that at the request of grantee this deed was recorded on December 23, 1893, one day after expiration of the nine months specified in the agreement. Likewise full satisfaction of the note and mortgage was duly acknowledged by the mortgagee on the face of the record thereof in the office of the county recorder on the twenty-third day of December, 1893.

On January 17, 1895, O. McCaughey commenced an action in ejectment against the plaintiff herein and her then husband, to recover possession of the premises described in the mortgage and in the deed above mentioned. In that action judgment was entered on October 13, 1897, in favor of the plaintiff O. McCaughey. The defendants moved for a new trial and that motion was denied on November 20, 1897. On January 19, 1898, the defendants therein filed their notice of appeal, but they never filed any undertaking on appeal.

On December 18, 1897, O. McCaughey filed in the superior court of San Diego County an action against the plaintiff herein and her then husband, in which he alleged the execution and delivery of the note and mortgage above referred to and the execution and delivery to him of the deed above referred to, and sought the foreclosure of the deed as a mortgage securing said indebtedness. The defendants in the ejectment suit abandoned their appeal and thereafter, on September 21, 1898, the said O. McCaughey caused to be dis-

missed the foreclosure suit filed by him on December 18, 1897. O. McCaughey came into possession of the demanded premises during the pendency of said ejectment suit and ever since that time he and his successors, the defendants herein, have been in possession thereof.

In this present action the plaintiff alleges that after the filing of the foreclosure suit commenced on December 18, 1897, and while proceedings for perfecting the appeal from the judgment in the ejectment suit were being taken, it was agreed between O. McCaughey and this plaintiff and her husband that the judgment in ejectment would be waived, and in consideration of such waiver and the filing of the foreclosure action recognizing said deed as a mortgage, plaintiffs' appeal from the judgment in ejectment would be abandoned, and the same was abandoned and permitted to lapse; that after the making of said agreement and after the time in which the appeal from the judgment in ejectment could be perfected, on the twenty-first day of September, 1898, without the knowledge or consent of either this plaintiff or her husband and in violation of the said agreement last above mentioned, the said O. McCaughey caused said foreclosure action to be dismissed. Plaintiff further alleges that it was agreed between said parties that the foreclosure action would not be speedily prosecuted, and she alleges that no service of summons therein was ever made upon her or upon her husband, and that she never discovered the fact of dismissal of that action until about July 1, 1911.

The claim of plaintiff herein as defendant in the ejectment suit, that the deed of 1893 was in fact a mortgage, was asserted in that action and the matter was there litigated. That judgment is conclusive against the plaintiff in this case, unless the defendant Charles McCoy, as successor of O. McCaughey, is estopped by reason of the alleged agreement and by reason of an abandonment of the appeal in reliance upon such agreement. The only evidence produced by the plaintiff herein at all tending to support her allegations concerning that agreement is found in the testimony of A. M. McConoughey, one of her attorneys in the ejectment suit. This testimony states that while the appeal was pending he was informed by Mr. Humphreys, attorney for O. McCaughey in the ejectment case, that he had filed a foreclosure suit; that he did not think it necessary, but concluded to do so to save

any possible question; to which McConoughey replied that this was all he had ever contended for and that his clients would now have to pay up or quit. The witness said that the effect of that conversation upon him and his associate counsel in that case, was, that McCaughey had now conceded all that they claimed and that they of course thought no appeal was necessary in the ejectment suit.

Certain rulings of the court with respect to the testimony of McConoughey are here relied upon as errors of which appellant complains. The statement of McConoughey as to the effect of Humphrey's statement was stricken out by the court on the ground that it was hearsay and called for the conclusion of the witness. In reply to the question, "What, if anything, was said in any such conversations by Mr. Humphreys about O. McCaughey obtaining all relief in the second mentioned suit?" the witness answered: "We inferred from what Mr. Humphreys said that O. McCaughey depended entirely upon the second mentioned suit." This answer also was stricken out. We think that these rulings were correct. They did not prevent the witness from making a full statement of the facts of the transaction and did not prevent the court from ascertaining whether those facts constituted anything in the nature of an agreement between the parties. In response to the testimony of McConoughey, the defendants introduced the testimony of William Humphreys, attorney for O. McCaughey in these former actions. Mr. Humphreys admits that he informed McConoughey that the foreclosure suit had been filed; but says that he never did say to McConoughey that he would file a foreclosure suit if defendants in the ejectment suit would not take an appeal from the judgment therein. Witness further stated that nothing was said that would have any indication that the judgment in question would be waived by Mr. McCaughey; and that the foreclosure action was filed "to save the statute of limitations if there was any possibility of the court rendering a judgment that the deed might be a mortgage." A full examination of the evidence upon this issue shows that the evidence is sufficient to support the finding of the court herein that there was no agreement made between the parties that the judgment in the ejectment suit would be waived, and that there was not any agreement in consideration of such waiver

and the filing of said foreclosure suit, that the plaintiff's appeal from the judgment would be abandoned.

Appellant contends that the filing of the complaint in foreclosure, signed and verified by O. McCaughey, waived the judgment in the action of ejectment and settled for all time that the deed was a mortgage; that by filing such complaint for a foreclosure the plaintiff therein elected to pursue that remedy and could no longer rely upon the judgment in ejectment. We think that this contention is not well founded. The most that reasonably can be claimed is that the statement thus made by O. McCaughey is evidence tending to show that the deed was intended as a mortgage; but as against the agreement made on March 22, 1893, and the transactions pursuant thereto, his statements in the foreclosure complaint are not conclusive. Where a party has at the same time two inconsistent remedies and elects to pursue one of them, this election will bar his subsequent prosecution of the other remedial right. But that situation is not presented by the facts of this case.

The complaint in the action of foreclosure cannot be treated as an instrument creating a trust, nor as an acceptance or acknowledgment of a trust in favor of the mortgagor. It does not contain any statement or implication that the plaintiff therein held title to the mortgaged property for the benefit of the mortgagors or at all.

Under the claim of title by adverse possession, as set up by Charles McCoy, evidence was introduced showing such adverse possession and the payment of all taxes levied or assessed against the premises for more than five years from and after the delivery of the deed to O. McCaughey, and in fact until the time of the commencement of this action. The plaintiff seeks to avoid the consequence of these facts by showing that title by adverse possession cannot be gained by a mortgagee and that taxes paid by him are for the benefit of the mortgagor; also that taxes paid by a trustee are for and on behalf of the beneficiary. Conceding the law to be as stated, it is not applicable to this case, since, as above stated, our conclusions are that O. McCaughey was not in possession either as mortgagee or as trustee for the plaintiff.

Upon the contention that there was no legal delivery of the deed from O. McCaughey to Charles McCoy, we find that there is evidence sufficient to support the court's finding in

favor of the defendant upon that issue.  There is testimony that at the time of the making of that deed O. McCaughey stated to defendant Charles McCoy that he owed Charles McCoy money for a long time; that he thought he should properly deed the property over to him to make it right; and that he directed Charles McCoy to have the deed recorded. Even if, as contended by appellant, there is evidence which would have warranted a contrary conclusion, that would no more than create a conflict in the evidence, and on that state of facts we must affirm the finding as made.

Finally, it is claimed that the order denying a new trial ought to be reversed because the defendant Charles McCoy, while claiming title to the premises for himself, also appears herein as defendant in the capacity of administrator of the estate of O. McCaughey, and as such administrator has admitted and conceded the title to be in Charles McCoy individually.  It does not appear whether there are creditors of the estate of O. McCaughey, or heirs other than Charles McCoy.  If there are such parties in interest, it may well be that they could have objected to the concessions thus made and could have obtained provision for an actual defense of their interests as against the adverse claims of Charles McCoy. But even if this be so, such facts do not entitle the plaintiff to complain of the judgment against her.  It clearly appears from the record that the plaintiff has no interest in the property and she is not in any manner injured or aggrieved by any effect of this judgment as between the defendants.

The order denying plaintiff's motion for a new trial herein is affirmed.

James, J., and Shaw, J., concurred.