[L. A. No. 3639.  Department One.—March 7, 1916.]

H. P. LANTZ, as Administrator With the Will Annexed of the Estate of George Locke, Deceased, Respondent, v. EDWARD H. COLE et al., Appellants; SUSIE RHEINSCHILD, as Executrix, etc., of George Rheinschild, Deceased, Substituted in Place of George Rheinschild, Deceased, Intervener and Appellant.

PRACTICE—POWER OF SUPERIOR COURT TO EXTEND TIME—COURT RULE CANNOT CURTAIL.—The power of the superior court, under section 1054 of the Code of Civil Procedure, to extend by order the time within which to serve a bill of exceptions for a period of thirty days beyond the time allowed therefor by law, cannot be curtailed by a rule of that court.

APPEAL—FAILURE TO SERVE BILL OF EXCEPTIONS IN TIME—WAIVER OF OBJECTION.—On an appeal from an order refusing a new trial, the respondent cannot for the first time object that the bill of exceptions was not served in time, where he raised no such objection to the settlement of the bill, but presented amendments thereto, some of which were allowed, and the bill was settled by the judge.

ID.—STREET IMPROVEMENT BONDS—SALES FOR NONPAYMENT—RES JUDICATA.—In this action to recover the possession of land, in which the defendant's claim of title was based on sales for nonpayment of street improvement bonds, it is held that the judgment in the action of *Lantz* v. *Fishburn*, 17 Cal. App. 583, determining that the defendant's predecessor held title to the land in question under such sales, subject only to the right of plaintiff to redeem within the time allowed by law, was *res judicata* as to the nature, validity, and extent of the claims of the respective parties to the ownership and right of possession of the land.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

J. L. Murphey, and Murphey & Poplin, for Appellants.

Charles Lantz, and Davis, Lantz & Wood, for Respondent.

SLOSS, J.—This action was begun by the plaintiff as administrator with the will annexed of the estate of George Locke, deceased, to recover possession of a lot of land in the city of Los Angeles, together with damages for the withholding of possession by the defendants. The defendants named in the complaint are the trustees and the pastor of the Brooklyn Heights Congregational Church, an unincorporated religious association. They answered asserting, among other defenses, the right to occupy the premises under a lease and option of purchase from one George Rheinschild to the defendants' predecessors as trustees of the church.

After the filing of the answer, Rheinschild (whose claim was based on sales for nonpayment of street improvement bonds) intervened to unite with defendants in resisting plaintiff's claim. He alleged, in addition to matters contained in the answer of defendants, that he was the owner in fee and entitled to possession of the property described in the complaint. He set up the pendency of another action brought by the present plaintiff against himself and one Fishburn as defendants. Rheinschild's complaint in intervention was filed in March, 1908. He died in September, 1911. By supplemental answer, filed in June, 1912, the executrix of his will alleged that the action of *Lantz* v. *Fishburn and Rheinschild*, the pendency of which had been set up in the complaint in intervention, had been finally decided by the district court of appeal for the second appellate district, which court had directed the trial court to enter judgment that Rheinschild held title to the lot in question, subject only to the right of plaintiff to redeem within the time allowed by law. It was further alleged that the superior court had, pursuant to the mandate of the court of appeal, entered its judgment finally adjudging the title to said lot to be in Rheinschild, his heirs and legal representatives, "with only the right in the estate of Locke to redeem from the effect of said sales."

In the present action, the court found that Locke, up to the time of his death, was the owner of the land; that his es-

tate had since his death owned the land subject to the sales above mentioned; that the defendants in April, 1902, wrongfully entered upon the land and ousted plaintiff therefrom and have ever since withheld possession from him, to his damage in the sum of $106. It is further found that the sales of said lot to Rheinschild, made in the year 1907, were valid but that no valid deed had been issued upon said sales.

The judgment was that the lot is owned in fee by the estate of Locke, subject to the sales made July 9, 1907, to George Rheinschild, that plaintiff as administrator is entitled to, and do, recover the possession, and that the plaintiff have and recover from the defendants the sum of $106 and costs.

The defendants and the intervener appeal from this judgment, and from an order denying their motion for a new trial.

The respondent objects to the consideration of the bill of exceptions on the ground that the bill was not served within the time allowed by law. Service was actually made within an extension of time granted by the court below, but it is claimed that the order granting this extension was in conflict with a rule of court providing that the court could not extend the time for a period which, including the time covered by the stipulation, would exceed thirty days. The rule did not deprive the court of power to make a valid order within the limitations of section 1054 of the Code of Civil Procedure. (*Connell* v. *Higgins,* 170 Cal. 541, [150 Pac. 769].) But, in any event, it does not appear that there was any objection to the settlement of the bill on this ground. Without, so far as the record shows, objecting to the settlement of the bill on the ground that it was not served in time, the plaintiff presented amendments, some of which were allowed, and the bill was settled by the judge. Under these circumstances, the point cannot be raised here for the first time. (*Patrick* v. *Morse,* 64 Cal. 462, [2 Pac. 49]; *Horton* v. *Jack,* 115 Cal. 29, 34, [46 Pac. 920]; *Churchill* v. *Flournoy,* 127 Cal. 355, [59 Pac. 791]; Hayne on New Trial and Appeal, secs. 145, 146.)

It was conceded that on June 18, 1885, the title to the lot was in George Locke. The controversy between the parties was over the effect of the street improvement proceedings under which Rheinschild claimed. The improvements were ordered in 1893. There were two proceedings, including work upon two streets. In each case a bond was issued in

1894. On default in the payment of the bonds, sales were made on the eighth day of July, 1907. These steps had all been taken prior to the judgment reviewed by the court of appeal in the action of *Lantz, Administrator,* v. *Fishburn and Rheinschild.* The opinion of that court is reported in 17 Cal. App., at page 583, [120 Pac. 1068]. The action there under consideration was one to quiet title to the same lot here in controversy. The respondent was plaintiff therein and Rheinschild, intervener here, and the party under whom defendants claim, was a party defendant. Unquestionably the judgment in that case is a binding adjudication as between the plaintiff on the one hand and Rheinschild and his privies on the other. There had been sales of the land prior to those of 1907 but these sales had been held void. (*Lantz* v. *Fishburn,* 3 Cal. App. 662, [91 Pac. 816].) In the case reported in 17 Cal. App., the court, in speaking of the sales made in 1907, said, "We conclude that the last sales made by the treasurer were legal and valid, and had the effect of vesting in Rheinschild as purchaser title to the property. Therefore, at the time the issues were made up in the action upon which the trial court based its judgment, there was no title left in the plaintiff and no right, except the right to redeem within the time fixed by the Street Act. The title of such a purchaser, pending the issuance of a deed, is only qualified by this right of redemption, and unless such latter is exercised within the limit fixed by the law, such title becomes absolute. (*Duff* v. *Randall,* 116 Cal. 226, [58 Am. St. Rep. 158, 48 Pac. 66].) The trial court properly held that the proceedings had, with respect to all matters conferring jurisdiction upon the treasurer to make the second sales, were regular and valid. Upon these findings the judgment should have been that defendant Rheinschild held title to the lots in question subject only to the right of plaintiff to redeem within the time allowed by law." The judgment of the court of appeal, following these expressions, was as follows: "The judgment is reversed, with directions to the trial court to enter judgment upon the findings in accordance with the views expressed in this opinion." This judgment of the district court of appeal became final, the *remittitur* went down and judgment was entered in the lower court as directed. Upon familiar principles the judgment so entered was a conclusive adjudication that the title to the property was as declared in such judgment.

At that time there had been no deed to the purchaser under the sales, and much of the argument in the briefs is directed to the question whether the deeds subsequently made were issued in compliance with the provisions of the statute. The court found against their validity. But we do not find it necessary to go into this inquiry. We are satisfied that the matter adjudged in the former action was sufficient to require a finding here against the plaintiff's claim, irrespective of the defect, if there was a defect, in the giving of the deeds. The issues in the action of *Lantz* v. *Fishburn and Rheinschild* involved an adjudication of the nature, validity, and extent of the claims of the respective parties to ownership of the land. That action resulted in a judgment which declared and adjudged that Rheinschild held the title to the property, subject only to the right of plaintiff to redeem within the time allowed by law. As will be seen from its citation of the case of *Duff* v. *Randall*, 116 Cal. 226, [58 Am. St. Rep. 158, 48 Pac. 66], the district court of appeal regarded the sales as having the same effect as an execution sale, which, under the provisions of the Code of Civil Procedure, section 700, vests in the purchaser "all the right, title, interest, and claim of the judgment debtor," including the right to rents and profits (Code Civ. Proc., sec. 704), leaving the debtor only the right to redeem. Whether this view was correct in point of law is not now the question. It may be that, as claimed by the respondent, the effect of a sale for nonpayment of street improvement bonds is different from that of an execution sale; that it does not transfer the title to the purchaser until the execution of a deed. But it is now too late to raise this point, it having heretofore been conclusively adjudicated that title did pass to Rheinschild by the sales, and that nothing remained in Locke's estate but the right to redeem.

The respondent urges that his action was one of ejectment, in which the right of possession merely was involved. But the judgment under review undertook to determine title, a part of the judgment declaring that the property was owned in fee by the estate of George Locke, subject to the sales made. Furthermore, the plaintiff's asserted right of possession rested solely upon the title claimed by him to be vested in his testator. If the title was not vested in Locke's estate, but on the contrary was vested in Rheinschild, there was no foundation for the conclusion that the plaintiff was entitled

to possession. The owner of property is entitled to its possession (Civ. Code, sec. 654), unless he has transferred his right to another. That the title was in Rheinschild and not in the estate of Locke is, as we have seen, finally and conclusively settled by the judgment of *Lantz* v. *Fishburn.*

The judgment and the order denying a new trial are reversed.°

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.