[S. F. No. 11638. In Bank.—October 31, 1927.]

REINHOLD WEHLE, Appellant, v. WALTER F. PRICE et al., Respondents.

[1] DEEDS—MORTGAGES—QUESTION OF FACT—APPEAL.—The rule is well settled that a deed absolute in form, if intended as security for the payment of a debt, is a mortgage; but the question is primarily one of fact, upon which the findings of the trial court, if supported by proper evidence, will not be disturbed, notwithstanding conflict in the testimony.

[2] ID.—PRESUMPTIONS—BURDEN OF PROOF.—The presumption is that a deed is what it purports to be, and the burden of proof is upon the party claiming that it is only a mortgage; and it must appear to the court beyond all reasonable controversy that it was the intention of not only one but all of the parties that the deed should be a mortgage.

[3] ID.—VALUE OF PROPERTY—FINDINGS—CONFLICTING EVIDENCE.—In a suit in which it is sought to have a deed declared to be a mortgage, where the trial court found upon conflicting evidence that the value of the property was a certain sum, the finding is binding on appeal and obliterates the contention that the great disparity in value of the property conveyed by plaintiff and the money paid to him establishes the fact that a mortgage and not an actual sale was contemplated by the parties.

[4] ID.—TITLE—JUDGMENT IN EJECTMENT—RES JUDICATA.—The plaintiff's action, in such a case, is estopped by a prior judgment in ejectment obtained against him by the defendant in the present action, where title to the property was put in issue and adjudged to be in defendant in the present action.

(1) 41 C. J., p. 310, n. 64, p. 354, n. 62. (2) 41 C. J., p. 332, n. 6, 8, p. 345, n. 8. (3) 4 C. J., p. 883, n. 33. (4) 34 C. J., p. 938, n. 67, p. 947, n. 15.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Absolute deed as a mortgage, note, 129 Am. St. Rep. 1127. See, also, 17 Cal. Jur. 735 et seq.; 17 Cal. Jur. 757, 758; 19 R. C. L. 261.

2. See 17 Cal. Jur. 755, 756; 19 R. C. L. 263.

4. Conclusiveness of judgment in ejectment, note, 85 Am. Dec. 187. See, also, 9 Cal. Jur. 1020; 9 R. C. L. 926.

R. M. Quackenbush for Appellant.

H. W. A. Weske and W. F. Cowan for Respondents.

PRESTON, J.—Plaintiff and appellant seeks by this action to have a deed executed by him to defendant Walter F. Price declared to be a mortgage, and to quiet his title to the land described therein.

The complaint alleges plaintiff's ownership of certain real property valued at $8,000; that about December 3, 1923, as security for an interest-bearing note of $900 he executed a deed of grant, purporting to convey said property to defendant Price, but that at said time it was understood by both parties that the deed was given as security for a $900 loan, and upon repayment of said sum said defendant should reconvey the premises to plaintiff. It further alleges that about July 11, 1924, defendant commenced an action in ejectment against plaintiff, and on August 22, 1924, secured judgment by default in his favor.

Defendants, answering, deny that said deed constituted a mortgage. By way of separate defense they plead that the judgment in the prior action in ejectment between the same parties constitutes a bar to this action, and by way of cross-complaint they ask that plaintiff be enjoined from asserting any claim to the lands in question and that their title thereto be quieted. From judgment in their favor plaintiff prosecutes this appeal, urging that the facts indicate that the conveyance in question was intended by the parties as a mortgage and that the evidence is insufficient to support the findings and judgment.

The facts and circumstances surrounding the execution of the deed appear to be substantially as follows. Plaintiff was endeavoring to raise $700 to pay a fine imposed upon him for violation of the Volstead Act. He consulted defendant Price, who, after securing for him an extension of ten days within which to pay said fine, advised him to secure a loan from the Bank of Italy, where he had already borrowed $2,600, or from some other bank, or from his friends. After expiration of the ten-day period plaintiff again consulted defendant, stating that his efforts to raise money had been unsuccessful, and asking if defendant would not let him have the money and take a second mort-

gage upon his property. Defendant refused to do this, but finally stated that he would take plaintiff's property for $700, giving him the privilege of buying it back at any time within six months for $900, plaintiff to pay interest on that sum and all interest due the bank. Pursuant to this arrangement, an attorney satisfactory to plaintiff prepared a grant, bargain, and sale deed from plaintiff to defendant, which recited a consideration of $900 and was subject to the $2,600 mortgage. Defendant then executed a grant, bargain, and sale deed back to plaintiff as grantee and an escrow agreement reciting the terms and conditions of repurchase, which documents, together with escrow instructions, were delivered to the Bank of Italy. Upon verbal agreement of the parties, plaintiff remained in possession of the premises during the period within which he could repurchase the property. Upon his failure to comply with the terms of the escrow agreement, and after due notice, defendant demanded that he vacate the premises, whereupon, after his failure to so vacate, defendant instituted an action in ejectment against him, securing judgment by default. Within two or three weeks after making said deed, plaintiff was again arrested for violation of the Volstead Act and in order to raise bail placed what purported to be a third mortgage of $1,250 on the property. Both parties claim to have paid, and evidently did pay, the second installment of taxes for the year 1924.

[1] The courts have been watchful against all schemes of money lenders to deprive unfortunate debtors of their lands at less than their true value under the claim that the transaction is a purchase and not a loan, and the rule is well settled that a deed absolute in form, if intended as security for the payment of a debt, is a mortgage. (Civ. Code, secs. 2924, 2925; 17 Cal. Jur., sec. 41, p. 735 et seq.) The question is primarily one of fact, upon which the findings of the trial court, if supported by proper evidence, will not be disturbed, notwithstanding conflict in the testimony. (17 Cal. Jur., sec. 59, p. 758 et seq.) Here there is ample evidence to support each and every one of the findings, and we hold them to be binding and conclusive.

[2] It is apparent from the record that the evidence falls far short of those requirements necessary to justify the overthrow of a deed absolute on its face, for the presump-

tion is that such a deed is what it purports to be, and the burden of proof is upon the party claiming that it is only a mortgage. It must appear to the court beyond all reasonable controversy that it was the intention of not only one but all of the parties that the deed should be a mortgage. "A mere secret intention on the part of one of the parties, not disclosed or communicated to the other, will not have the effect of changing the character of the transaction. Still less, of course, will this result where the parties testify to directly contradictory intentions." (41 Corpus Juris, pp. 331, 332, sec. 96.) The evidence must be "something more than that modicum of evidence which appellate courts hold sufficient to warrant a finding where the matter is not so serious as the overthrow of a clearly expressed deed, solemnly executed and delivered. The evidence must be clear, satisfactory and convincing; explicit, unequivocal and indisputable. . . . " (17 Cal. Jur., sec. 58, p. 756 et seq.)

[3] The testimony relative to value of the real estate is in direct conflict. Against a value of from $10,000 to $8,500 placed upon it by plaintiff, defendant estimated that it was worth not to exceed $4,500. Other evidence tends to establish the correctness of the latter figure, for instance, the refusal of the Bank of Italy or other banks to loan more than $3,000 on the property or to take a second mortgage, and the fact that plaintiff for tax assessment purposes during 1923 gave the value of the real estate as $750 and improvements $450, a total of $1,200, which probably represented from thirty to forty per cent of its actual value. At any rate, the court found that the lands and premises did not exceed in value the sum of $4,500. This finding is binding upon us and obliterates the contention that the great disparity in value between the property conveyed by plaintiff and the money paid to him establishes the fact that a mortgage and not an actual sale was contemplated by the parties.

Although the complaint alleges that the deed was given by plaintiff as security for an interest-bearing note, no such note was produced and the court found that as a matter of fact none was ever executed. Furthermore, defendant testified, and his testimony is corroborated by that of the attorney and another witness, that he specifically stated at the time of this transaction that he was no more willing to

accept a mortgage than the banks were, and that the only condition upon which he would advance money to plaintiff was that of conditional sale of the land to him, plaintiff having the privilege of repurchase within a specified time. Apparently both plaintiff and his attorney thoroughly understood the situation.

[4] We further hold that plaintiff's action is estopped by the prior judgment in ejection obtained against him, which established defendant's title to the property. The judgment-roll in said action appears in the record as defendant's exhibit 2. The complaint alleges plaintiff's (defendant here) ownership of the premises in question, and their wrongful possession by defendant (plaintiff here). The court found that plaintiff was the owner in fee and entitled to possession of the premises and adjudged: ''1. That the plaintiff is the owner in fee simple and entitled to the possession of the premises described in the complaint and situate (description) . . . and that he have and recover the possession thereof''; and ''3. That the defendant, together with all persons claiming under him, shall be forever barred of a recovery' of said premises and all claim of title thereto and the title to said premises is absolutely vested in the plaintiff, and that the plaintiff be not molested in the possession of said premises by the defendant, or by any person claiming under said defendant.''

As said in Freeman on Judgments, fifth edition, volume 2, sections 866, 867, pages 1830–1832: ''Primarily an action of ejectment or its equivalent or substitute action under the statute or code is possessory in its nature. It may, however, and frequently does become the means of trying title, since either party may base his right to possession entirely upon some claim of title. . . . Where title was alleged by either party as the basis of his right to possession the judgment becomes *res judicata* to the extent that an adjudication of it was essential to the judgment, but not otherwise (citing *Lantz* v. *Cole,* 172 Cal. 245 [156 Pac. 45]; *Miles* v. *Ryan,* 172 Cal. 205 [157 Pac. 5]; *Cassin* v. *Nicholson,* 154 Cal. 497 [98 Pac. 190]; *McLean* v. *Baldwin,* 136 Cal. 565 [69 Pac. 259]; *Graves* v. *Hebbron,* 125 Cal. 400 [58 Pac. 12]; *Breon* v. *Robrecht,* 118 Cal. 469 [62 Am. St. Rep. 247, 50 Pac. 689, 51 Pac. 33]; *Carpenter* v. *Natoma Water & Min. Co.,* 63 Cal. 616; *Valentine* v. *Mahoney,* 37 Cal. 389;

*Simon* v. *McCoy,* 28 Cal. App. 523 [153 Pac. 406]. . . . Where both title and right of possession are in issue and determined, the judgment is conclusive as to both. Title is put in issue by an allegation of ownership in fee simple. . . . ''

In the case of *Avery* v. *Superior Court,* 57 Cal. 247, in an action for mesne profits, after a judgment in ejectment, the court said: ''The title to the land was put in issue in the pleadings, and the judgment in the action of ejectment established Avery's title to the land. . . . ''

*Graves* v. *Hebbron,* 125 Cal. 400 [58 Pac. 12], was an action to quiet title brought by a patentee of a quarter-section of land against a patentee of adjoining land involving the location of the common boundary line. A former judgment in an action of ejectment brought by the defendant against the plaintiff settling the location of said boundary line in favor of defendant was held to be admissible against the plaintiff as a former adjudication of the subject matter.

In the case of *Breon* v. *Robrecht,* 118 Cal. 469 [62 Am. St. Rep. 247, 50 Pac. 689, 51 Pac. 33], the court, quoting with approval *Marshall* v. *Shafter,* 32 Cal. 177, said: '' 'If the respective titles of the parties, or their right to the possession of the demanded premises, are put in issue and tried in ejectment, and the plaintiff recovers judgment for possession, the judgment is an estoppel, and the defendant, to avoid the estoppel in a subsequent action to recover the same premises, must show some other right of possession than he had when the judgment was entered.' In *Byers* v. *Neal* [43 Cal. 210], *supra,* it was declared that 'a judgment for plaintiff in ejectment, when the title has been brought directly in issue, concludes the defendant against setting up in a subsequent proceeding any mere legal defense which he might have made in such suit. . . . ' ''

See, also, *Parnell* v. *Hahn,* 61 Cal. 131, *Philbrook* v. *Newman,* 148 Cal. 172 [82 Pac. 772], and *Price* v. *Sixth District,* 201 Cal. 502 [258 Pac. 387], to the effect that a judgment is conclusive upon all questions involved in an action and upon matters which, under the issues, might have been litigated and decided in the case.

Judgment affirmed.

Richards, J., Shenk, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.