[Civ. No. 8886. Second Appellate District, Division One.—March 20, 1935.]

RICHARD O. ROBINSON et al., Appellants, v. CHAS. BARNARD, Respondent.

Walter Gould Lincoln for Appellants.

Blackstock & Rogers and Merle J. Rogers for Respondent.

ROTH, J., *pro 'tem.*—On December 28, 1925, as security for eleven several promissory notes payable to respondent Chas. Barnard, each due on December 28, 1930, appellants, as trustors, executed a deed of trust to Ventura County Title

Company, as trustee, upon real property therein described, Chas. Barnard being named as beneficiary.

Prior to the maturity of the notes and thereafter, the parties had extensive negotiations for the liquidation thereof, pursuant to which extensions for payment were from time to time granted by respondent. These negotiations were devoid of any results, and nothing was paid on account of said notes. The indulgence of respondent having been finally exhausted, appellants, in order to save themselves the cost of sale and other expenses incident thereto, did on July 6, 1931, execute to respondent a deed absolute on its face conveying to him the property described in the trust deed, in full and complete satisfaction and for the full and complete release of the indebtedness of $18,000, plus accrued interest, delinquent taxes and other proper charges. Contemporaneously with the execution of the deed absolute, a second instrument was executed entitled "An Exclusive Right to Purchase", the effect of which was to give appellants the exclusive right to purchase the property in question on or before October 2, 1931, for a sum which aggregated the principal of the original sum of $18,000, plus interest, accruing costs, charges and advances made by respondent, said total sum to be paid part in cash and part in notes, the notes to be secured by a trust deed on the identical property. The right to purchase granted as aforesaid, was not taken up at the time granted or at all, but instead appellants on November 7, 1931, filed an action which prayed for varied relief, but the prime and specific purpose of which was to have the deed absolute and the exclusive right to purchase declared a mortgage. Plaintiffs allege in their complaint: " . . . that said instrument purported on its face to convey the entire estate in fee, without any conditions, but in reality it was given and intended to be given by the Plaintiffs, and was received, and intended to be received, by the Defendant Charles Barnard, as a Deed of Defeasance, and was so given and received only as security for the payment of the said promissory notes; . . . "

Respondent denied the deed was to be anything other than what it purported on its face to be, and cross-complained asking that his title to the property in question be quieted. The court found as a fact: " . . . that it is true that said plaintiffs did execute and deliver to said Charles

Barnard a grant deed of the property described in said trust deed but it is not true that said deed was given or intended to be given or intended to be received by the defendant Charles Barnard as a deed of defeasance or as security for the payment of said or any promissory notes, or as security at all; that said deed was given by plaintiffs and received by defendant Charles Barnard as an absolute conveyance of said property; . . . "

Judgment went for respondent on his cross-complaint and from that judgment this appeal is taken.

There are numerous alleged errors claimed by appellants, but other than the question to which we will shortly address ourselves, we do not consider any of them of sufficient importance to merit special treatment. It is enough to say that even if appellants are correct with reference to all or any of the alleged errors (which we concede only *arguendo*), in view of our opinion on the one important point involved, they would not change the result.

As has been undoubtedly anticipated, the only question to be decided is—was the deed absolute and the exclusive right to purchase, when considered together, a mortgage?

It is too thoroughly settled to be successfully disputed that a deed absolute on its face, if intended as security for a debt, is a mortgage. (*Wehle* v. *Price*, 202 Cal. 394, 396 [260 Pac. 878]; *Reynolds* v. *Hook*, 109 Cal. App. 226, 232 [292 Pac. 1000].) It is equally well established, however, that "whether a deed, absolute in form, be a mortgage or not, is a mixed question of law and fact, to be determined from all the evidence, written and oral, and in determining it, all the facts and circumstances attending the transaction should be considered." (*Reynolds* v. *Hook, supra*, p. 233.)

It is settled, too, that "the mere giving to the defendant by the plaintiffs of a conditional agreement to reconvey the land on or before a certain date, upon payment of a specified sum of money, and if not paid the agreement should become void and cancel itself, together with a verbal agreement for retention of possession by the defendant until that date, does not show the transaction to be a mortgage in the absence of sufficient proof that it was so intended." (*Woods* v. *Jensen*, 130 Cal. 200 [62 Pac. 473].)

The instruments in the case at bar, considered most favorably to the appellants, create no obligations of any

kind. The deed certainly does not, and the exclusive right to purchase shows the contrary, for it is specifically provided that in the event the appellants fail to exercise their option under it, that it, that is the right to purchase, ''shall be automatically cancelled, terminated and rescinded''.

What the intention of the parties was, for it is not manifested by the instruments, is a question of fact, and the burden is upon the appellants to show that the intention was that the instruments in question be treated as a mortgage.

In *Wehle* v. *Price, supra,* at page 397, the court says: ''It must appear to the court beyond all reasonable controversy that it was the intention of not only one but all of the parties that the deed should be a mortgage. 'A mere secret intention on the part of one of the parties, not disclosed or communicated to the other, will not have the effect of changing the character of the transaction. Still less, of course, will this result where the parties testify to directly contradictory intentions.' . . . The evidence must be 'something more than that modicum of evidence which appellate courts hold sufficient to warrant a finding where the matter is not so serious as the overthrow of a clearly expressed deed, solemnly executed and delivered. The evidence must be clear, satisfactory and convincing; explicit, unequivocal and indisputable. . . . ' ''

Both sides introduced evidence on the question of intention, and the court found upon sufficient evidence contrary to appellants' contention. That finding is binding upon us. (*Wehle* v. *Price, supra; Wadleigh* v. *Phelps,* 149 Cal. 627, 637 [87 Pac. 93].)

The language of the Supreme Court of Missouri in considering a case on all-fours with the case at bar is peculiarly appropriate: ''The idea that this deed was given to the trust company as a mere security for their debt, and was intended to be merely an equitable mortgage that would have to be foreclosed by a proceeding in a court of equity, is not only repugnant to its terms, and those of the contemporary agreement, but is negatived by all the circumstances attendant upon their execution and the conduct of the parties thereafter. At the time they were executed, the defendant had a deed of trust on the property to secure its debt, and it is sheer nonsense to suppose that they would have exchanged

this better form of security for such a mortgage." (*Bailey v. St. Louis Union Tr. Co.*, 188 Mo. 483 [87 S. W. 1003, 1005].)

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.