[No. 2,676.]

## JOHN C. BYERS *v.* CHARLES H. NEAL.

RECOVERY IN EJECTMENT AGAINST PRE-EMPTIONER AFTER PAYMENT— PATENT NOT A NEW TITLE.—Where Neal, being in possession of public land, made proof and payment therefor under the United States preemption laws; and thereafter Tallmadge brought an ejectment suit against him, and recovered judgment on the merits, and was placed in possession; and afterwards Neal obtained the United States patent for the land: *Held,* that the patent did not constitute a new title in Neal, but was merely a formal assurance of the estate he had already acquired by proof and payment, and that the effect of the recovery by Tallmadge was to estop Neal from denying that Tallmadge had the better title.

EJECTMENT ON SHERIFF'S DEED—WANT OF OFFICIAL AUTHORITY AS LEGAL DEFENSE.—In ejectment on a Sheriff's deed, where the general issue is well pleaded, the fact that the deed was executed after the Sheriff's authority had terminated, would be a good legal defense, for the reason that the existence of official authority in the officer to execute the deed is of the very substance of the plaintiff's case; but if such defense for any reason be not made and judgment go against defendant, there is an estoppel thereby created against him, which as long as the judgment itself remains undisturbed, must continue as one of its inseparable consequences.

JUDGMENT IN EJECTMENT AS ESTOPPEL.—A judgment for plaintiff in ejectment, when the title has been brought directly in issue, concludes the defendant against setting up in a subsequent proceeding any mere legal defense which he might have made in such suit, and among others a defense that plaintiff's title there rested upon a Sheriff's deed, made after the Sheriff's authority had terminated, of which fact defendant was then ignorant.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This was an action to have the defendant adjudged to hold the legal title of one hundred and thirty-seven acres of land in San Joaquin County, acquired under a patent of the United States, in trust for the plaintiff; to compel him to convey the same to plaintiff; to enjoin defendant from conveying or transferring to any other person; to quiet plaintiff's title; and for general relief. Defendant, among other defenses set up, by way of cross-complaint, that plaintiff had been let into possession under a judgment in ejectment founded upon a Sheriff's deed; that such deed was executed after the Sheriff's authority to make it had terminated; that he was ignorant of such want of authority at the time the ejectment case was tried, and praying that said deed might be set aside and declared null and void.

The cross-complaint was dismissed; there was a judgment for plaintiff as prayed; and defendant's motion for a new trial having been overruled, he appealed from the judgment and order.

*J. H. Budd*, for Appellant.

The title of defendant, acquired under the patent from the United States, could not have been acquired by the purchaser at a Sheriff's sale of the land, made before the issuing of the patent. A right acquired under the United States pre-emption laws cannot be assigned or transferred prior to the issuing of a patent. (Act of 1841, Sec. 12.) The primary disposition of the public lands is in the United States. (*Mahony* v. *Van Winkle*, 33 Cal. 488.) A Sheriff cannot be the agent of a person to convey title, which the party himself had no legal title to convey.

The record in *Tallmadge* v. *Neal* was not conclusive as to Neal's rights as against the deed under which plaintiff claims. A record is not conclusive as to the truth of any allegation not directly in issue. (1 Greenl. Ev., Sec. 528; *Holland* v. *Croft*, 3 Gray, 162; *Arnold* v. *Arnold*, 17 Pick. 7; *Vose* v.

*Morton*, 4 Cush. 27; *Manny* v. *Harris*, 2 Johns. 24.) A judgment in ejectment is not an estoppel as to new matters occurring after its rendition, which give the defendant a title. (*Mahony* v. *Van Winklè*, 33 Cal. 488.) A deed improperly given by a Sheriff may be set aside on motion or bill in equity. (7 Wend. 83.) Plaintiff's grantor was a party to the fraud of the Sheriff in executing the second conveyance, and plaintiff took the claim tainted with the fraud. Defendant is not estopped from claiming against plaintiff, the same relief from this fraud, that he would have been entitled to against Tallmadge, in case no conveyance to plaintiff had been made.

*Hall & Montgomery*, for Respondent.

The record in *Tallmadge* v. *Neal* was conclusive evidence against defendant of all the facts therein adjudicated, and among them that the Sheriff levied upon and sold the land in controversy, and conveyed it to the plaintiff's grantor. An inspection of that record renders it perfectly clear that the judgment, execution, and sale thereunder were facts directly in issue; for, as no other deraignment of title appears, there could not have been a recovery if the proof had failed upon these points. The judgment was founded on affirmative answers to the issues presented, and had no support without them. (*Satterlee* v. *Bliss*, 36 Cal. 490; *Marshall* v. *Shafter*, 32 Cal. 176; *Coit* v. *Tracy*, 8 Conn. 207.) These facts are not the less conclusively established against the defendant by the former judgment, even though he did not choose to litigate them in that action. If he might then have controverted them, and did not, he is still estopped from proving to the contrary now. The rule is that the judgment is not only final as to the subject matter thereby determined, but also as to every other matter which the parties might have litigated in the cause, and which they might have had decided. (*Gray* v. *Dougherty*, 25 Cal. 266.)

As to Neal's position to the land, after his proof and payment as a preëmptor, the Government held the naked legal title in trust for him, and he had an assignable and vendible interest in the land. (*Hutton* v. *Frisbie*, 37 Cal. 475; *Thredgill* v. *Pintard*, 12 How. 24.) By the sale and conveyance to Tallmadge the latter was substituted to and acquired all the right, title, interest, and claim of Neal, and the right to the legal title to be derived by and through the patent. The deed of the Sheriff was equivalent to a conveyance by Neal himself of all his right, title, interest, and claim, and substituted the grantee for himself in his then relation to the land, and the legal title outstanding in the Government. (*Landes* v. *Brant*, 10 How. 348; *Bludworth* v. *Lake*, 33 Cal. 255.) On receiving the patent Neal became the trustee of the title conveyed thereby for the use and benefit of plaintiff.

[The following opinion was rendered at the October Term, 1871:]

By the Court, WALLACE, J.:

The fact that Neal was in the possession of the premises in controversy, as a preëmptioner, when they were sold and conveyed by the Sheriff, under the judgment rendered against him, will not defeat the title of the purchaser at the Sheriff's sale—Neal having already made his full payment to the Government as such preëmptioner. Tallmadge, from whom Byers derives his title, was the grantee of the Sheriff, and, before he conveyed to Byers, brought an action against Neal, who was then in possession, for the recovery of the premises, in which action he alleged that he was the owner and entitled to the possession. Upon this allegation issue was taken by Neal, and judgment rendered in favor of Tallmadge for the recovery of the premises, with damages and

costs, under which judgment Neal was subsequently removed, and Tallmadge placed in possession by the Sheriff.

It will be seen that the title to the premises was thus brought directly in issue; and the judgment then rendered must conclude Neal in favor of Byers, as the privy of Tallmadge, upon that question.

The defenses which Neal now attempts to interpose, though they might have defeated the former action, had they been established then, cannot avail him now.

Judgment affirmed.

[A rehearing having been afterwards granted on petition of defendant, the following opinion was rendered at this, the January Term, 1872:]


By the Court, WALLACE, J.:

In November, 1863, Neal was a settler upon certain public lands in San Joaquin County, being the southwest fractional quarter of section thirty-two, township four north, range seven east, Mount Diablo base and meridian, and had made proof and payment therefor under the preëmption laws of the United States.

In 1865 Tallmadge brought an action against Neal in the District Court at Stockton, in which he alleged himself to be the owner of these premises, and in that action Neal appeared and pleaded the general issue—the pleadings not being verified—and upon the trial judgment was rendered in favor of Tallmadge, and he was placed in possession of the premises.

1. The effect of the recovery, under the pleadings in that action, is that Neal is thereby estopped to deny that Tallmadge then had the better title to the premises, and this estoppel must preclude him in favor of Tallmadge, and also in favor of Byers, the subsequent vendee of Tallmadge, to

deny the validity of the title in their hands, until he shall have himself acquired a new title or estate in the premises.

The patent issued to him on the 20th day of May, 1869, by the authorities of the United States, does not constitute a new title in him in that sense. It is merely a formal assurance of the estate which he had already acquired by the proof and payment in November, 1863.

2. Tallmadge was adjudged to be the owner, and he recovered in the action he brought against Neal, as having acquired the interest of the latter in the premises through a judgment, execution, levy, and a Sheriff's deed of the premises made to himself on the 14th day of November, 1864. Byers, now in possession of the premises as privy of Tallmadge, having commenced the present action against Neal under section two hundred and fifty-four of the Practice Act, to quiet his title, the latter alleges that this deed of the Sheriff to Tallmadge was void, as having been made without any authority in that officer. He avers in his answer, and offered—but was not permitted—to prove that, in point of fact, the Sheriff levied upon, advertised, sold, gave certificate of purchase, and on the 8th day of August, 1864, delivered a deed to Tallmadge, conveying to the latter the fractional north half of said section thirty-two, and other premises—not being any part of the premises here in controversy—and that the Sheriff's deed of November 14th, 1864, was procured by Tallmadge from that officer several months after his authority had terminated by the delivery of the deed of the preceding August. In this connection he offered to show that he was ignorant of this fact at the trial of the action of Tallmadge against him in 1865.

These matters, showing, as they would, an utter want of authority in the officer to make or deliver the deed of November fourteenth, rendered that deed a nullity—and, under the general issue pleaded in the Tallmadge suit, might have been availed of as a legal defense. This proposition is too clear

to require argument or illustration in its support. A party who relies upon a Sheriff's deed as a basis of recovery in an action of ejectment must in the first instance make it appear that the officer was clothed with power to sell and convey the premises; this is necessary to the validity of the conveyance in point of law to transfer the title; the existence of the official authority in that respect is of the very substance of the plaintiff's case in such an action, and being necessarily in controversy under the general issue pleaded, the defendant is undoubtedly at liberty to countervail the case of the plaintiff in that respect by showing that the officer never had such authority, or that it had in some way ceased before the delivery of the deed, and is not to be driven to an equitable defense for that purpose.

The judgment in the Tallmadge case concluded Neal upon every mere legal defense which he might have made there, and this defense among them. The applicability of this rule is not affected by the circumstance either that Neal was at the time really ignorant of the fact constituting the defense. How much or how little he knew upon the subject is immaterial in this connection, and would be so even if the defense had involved matters about which he would be less likely to know than the sale of his lands by the officers of the law. Had he subsequently discovered it in time, he might have moved for a new trial under the statute upon the ground of newly discovered evidence, or if discovered too late for that purpose, he might have made it the subject of a bill in equity to obtain a new trial; the motion in the one case, or the bill in the other, would have been aimed directly at the judgment itself, and, if maintained, would have vacated it, and along with it would have gotten rid of the incident estoppel, which, however, so long as the judgment itself remains undisturbed, must continue to be one of its inseparable consequences.

These are the general views we entertained at the first

hearing of the cause, and the reargument has not changed them in any respect, though we have here given them at greater length than in the former opinion.

Judgment affirmed.

Mr. Chief Justice SPRAGUE, and Mr. Justice CROCKETT, did not participate in the decision on rehearing.