[Civ. No. 5713.    Fourth Dist.    Oct. 30, 1958.]

UBERTO ZACCARIA et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Trustee, etc., et al., Respondents.

William O. Burt for Appellants.

Samuel B. Stewart, Hugo A. Steinmeyer and Robert H. Fabian for Respondents.

GRIFFIN, P. J.—Plaintiffs-appellants Uberto Zaccaria and his wife Carol, as owners, brought this action against defendants-respondents Bank of America National Trust and Savings Association, as trustee, Rim Conrad, and Robert and Emma Watkins, as beneficiaries, to set aside a trustee's sale of certain described real property in Orange County under a trust deed executed by plaintiffs to secure the payment of an indebtedness for $3,408.12. They alleged that on September

10, 1954, a notice of default was recorded; that on January 26, 1955, a sale was held by the trustee and the property was sold to the defendant Conrad for $3,800, which plaintiffs claim was grossly inadequate; that plaintiffs were and are able to pay said amounts in default; that the sale was the result of fraud of defendants on account of (1) failure to give proper notice of the sale to plaintiffs; (2) misinforming plaintiffs as to the nature of the sale and the legal consequences; (3) indicating to plaintiffs that they would have a right of redemption; and (4) improperly influencing the beneficiaries to permit the sale to and purchase by defendant Conrad. The prayer is for a decree setting aside the sale and placing title to the property back in the hands of plaintiffs; for restitution of the property; and damages for loss of use, as well as punitive damages for $35,000.

A demurrer to the complaint was sustained with leave to amend. An amended complaint was filed alleging, in addition to the allegations of the original complaint, that the property had a true value of $17,500. It also set forth a letter written by defendant Martin on December 9, 1954, signed Pro-assistant cashier. It was directed to Mr. Zaccaria, in which he made reference to the ''foreclosure'' of the trust deed by the beneficiary. It was further alleged that it was plaintiffs' belief that from the use of this word there was a foreclosure action pending and he would have a period of redemption, when in truth and in fact it was a trustee's sale with no right of redemption; that plaintiffs immediately attempted to redeem and were informed there was not right of redemption; that the trustee requested the beneficiaries to proceed with the sale knowing plaintiffs were confronted with financial problems and even though they did not desire to go forward with the sale. A motion to dismiss as to each defendant was presented. In said motion it was alleged that the judgment in the case of Conrad versus these plaintiffs, case Number 64524, rendered in the Orange County Superior Court, was res judicata as to all issues tendered by this complaint. A judgment dismissing the action on this ground followed. The appeal is from this judgment.

The propriety of this judgment is the only point raised on this appeal and involves the issues presented in that case. The record in that action and affidavits used in support of the motion were brought to this court under proper motion to augment the record under rule 12(a), Rules on Appeal, which was granted. It was an action commenced by Rim

Conrad against plaintiffs here for ejectment on January 27, 1956. The complaint alleged plaintiff was the owner in fee simple of the real property here involved by reason of the trustee's sale above described; that plaintiff was entitled to possession and defendants refused to surrender it. The prayer was for restitution of the property and for damages for withholding it. The Zaccarias appeared in propria persona by answer and denied generally the allegations of the complaint. Plaintiff's motion for a summary judgment under section 437c of the Code of Civil Procedure was made. It was supported by plaintiff's affidavit that he was the owner of the property by reason of the trustee's deed above mentioned. A copy of the deed was attached. The Zaccarias appeared at the hearing and the court entered judgment for the possession of the property to Rim Conrad. It recited that Conrad was the owner of the property by virtue of the trustee's deed and that "all right and title of defendants has ceased." A writ of possession followed and $100 damages was awarded to plaintiff there for wrongful withholding. It further appears that by grant deed recorded March 12, 1956, Conrad deeded said property to one Rae H. Oakes, a widow, as her sole and separate property.

Appellants here claim that there was no prayer for a declaration of title in that complaint and accordingly no claim of title was put in issue and no title was decided, citing *Johnson* v. *Fontana Fire Protection Dist.*, 15 Cal.2d 380 [101 P.2d 1092]; that an action in ejectment sounds in tort and is merely a possessory action to recover the possession of the property, citing *Craviotto* v. *All Persons*, 93 Cal.App. 346 [269 P. 760]; that accordingly, not being in issue and not being a necessary part of the action, title was not adjudicated by it, and res judicata does not apply.

■ It is true that in some instances the question of title is not necessarily resolved in an ejectment action. (17 Cal. Jur.2d 168, § 2 and cases cited.) However, ejectment may become the means of trying title, since either party may base his right to possession entirely on some claim of title. See *Craviotto* v. *All Persons*, 93 Cal.App. 346 [269 P. 760]; and *Marshall* v. *Shafter*, 32 Cal. 176, where it was held that if the plaintiff, in his complaint in ejectment, avers title in himself, and the defendant interposes a general denial, the respective titles of the plaintiff and the defendant are put in issue. ■ A judgment in ejectment as to all matters put in issue

and passed on in the action is conclusive between the same parties and *their privies* in any subsequent action where the same matters are directly in issue. (*Caperton* v. *Schmidt*, 26 Cal. 479 [85 Am.Dec. 187]; *Wehle* v. *Price*, 202 Cal. 394 [260 P. 878].) ▊ To the extent that an adjudication of title to the property is essential to the judgment it is res judicata as to such title, but not otherwise. (*McKelvey* v. *Rodriguez*, 57 Cal.App.2d 214 [134 P.2d 870].) ▊ The judgment does not transfer to the successful party the title of the adverse party. Its effect bears closer resemblance to an extinguishment rather than a transfer of the adverse title. It awards possession to the prevailing party because he had title at the commencement of the action and because the losing party had no title, or had no such title as would authorize him to withhold possession. (*Mahoney* v. *Middleton*, 41 Cal. 41; *Avery* v. *Superior Court*, 57 Cal. 247; *Breon* v. *Robrecht*, 118 Cal. 469 [50 P. 689, 51 P. 33, 62 Am.St.Rep. 247]; 17 Cal.Jur.2d 214, § 49.)

In *Byers* v. *Neal*, 43 Cal. 210, it was held that a judgment for plaintiff in ejectment, when the title has been brought directly in issue, concludes the defendant against setting up in a subsequent proceeding any mere legal defense which he might have made in such suit.

▊ In the Conrad action plaintiff's right to possession rested solely on the title he acquired by virtue of the trustee's deed particularly described in the complaint. It was there alleged that plaintiff was the owner in fee simple of the property by virtue of said deed; that defendants were in possession and plaintiff was entitled to such possession. The defendants answered and generally denied these allegations, which included the claim of title under said deed. Defendants there had the opportunity to protest plaintiff's claimed right of possession by setting forth the claims here made with respect to any defective title involving the trustee's sale. Either this was not done, or if done, there was an adverse ruling as to defendant's claim. It appears to us that the record and pleadings in that action sufficiently establish that defendants there did place in issue the question of title to said property by virtue of said trust deed sale, and the court found and determined this issue when it held that plaintiff was "the owner of the property described in plaintiff's complaint by virtue of a trustee's deed, and that all right of and title of defendants has ceased." Under the authorities cited

the doctrine of res judicata applied and the judgment of dismissal was authorized.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.