Uberto and Carol Zaccaria v. Commissioner.
Zaccaria v. Commissioner
Docket No. 85135.
United States Tax Court
T.C. Memo 1961-102; 1961 Tax Ct. Memo LEXIS 257; 20 T.C.M. (CCH) 478; T.C.M. (RIA) 61102; March 31, 1961
Uberto Zaccaria, pro se, 975 Elkland Pl., Venice, Calif. Allan I. Blau, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax for the year 1957 in the amount of $839.84. The sole issue presented is whether petitioners sustained a deductible loss in 1957 within the meaning of section 165, Internal Revenue Code of 1954. Findings of Fact Petitioners are husband and wife and reside in Venice, California. They filed a joint income tax return for the calendar year 1957 with the director of internal revenue at Los Angeles, California. The respondent determined a deficiency in the amount of $839.84. The notice of deficiency sent to petitioners stated that: The deductions claimed on your return *258 for a casualty loss of $3,750.00 on real property due to mortgage foreclosure and sale, and legal expenses in the amount of $60.00 in connection therewith, are disallowed for the reason that you have submitted no evidence to show that you are entitled to a loss as defined in section 165 of the Internal Revenue Code of 1954, or that any loss was sustained during the year 1957. Opinion Petitioners contend that the deductions claimed and disallowed resulted from a fraud perpetrated upon them. In order to qualify as a deductible loss the fraud must constitute a theft within the purview of section 165, [1] Internal Revenue Code of 1954. Morris Plan Co. of St. Joseph, 42 B.T.A. 1190 (1940); Edwards v. Bromberg, 232 F. 2d 107 (C.A. 5, 1956); Michele Monteleone, 34 T.C. 688 (1960). *259 "For tax purposes, whether a theft loss has been sustained depends upon the law of the jurisdiction wherein the particular loss occurred." Michele Monteleone, supra, 692. In Monteleone we held that the facts presented substantiated the taxpayer's contention that money had been obtained under false pretenses which constituted a theft under California law. In the instant case however, the record is barren of any evidence of fraud with the exception of a copy of the opinion in the case of Zaccaria v. Bank of America National Trust & Savings Association, 164 Cal. App. 2d 715, 331 P. 2d 198 (1958). It appears from the report that the petitioners here were the appellants in that case. The appeal was from an adverse judgment of the Superior Court, Orange County in an action "to set aside a trustee's sale of certain described real property in Orange County under a trust deed executed by plaintiffs to secure the payment of an indebtedness * * *." On appeal petitioners alleged "the sale was the result of fraud of defendant on account of (1) failure to give proper notice of the sale to plaintiffs; (2) misinforming plaintiffs as to the nature of the sale and the legal *260 consequences; (3) indicating to plaintiffs that they would have a right of redemption; and (4) improperly influencing the beneficiaries to permit the sale to and purchase by defendant * * *" In affirming the Superior Court the allegations of fraud were not decided as the District Court of Appeals held that a judgment against petitioners in an ejectment action concerning the Orange County property was res judicata, as title had been "brought directly in issue" and petitioners were precluded from asserting in a later action "any mere legal defense which * * * might have been made in such suit." Although "a criminal conviction is not a necessary element in a taxpayer's proof in this Court that a theft loss has been sustained" Michele Monteleone, supra, 694, we do not think petitioners' mere allegations of fraud in the Appellate Court are sufficient to establish a theft loss within "the law of the jurisdiction wherein the particular loss occurred." There is no other proof of theft in the record in this case. Accordingly, the Commissioner's determination that the deductions must be disallowed "for the reason that [petitioners] * * * submitted no evidence to show that *261 [they were] entitled to a loss as defined in section 165" must be sustained. In concluding, we point out that we are not unmindful of certain unsupported allegations and arguments made by petitioners with reference to the alleged failure of law enforcement officers to prosecute those accused by petitioners, but these matters have nothing to do with the controversy before this Court and there is no necessity for further comment. Decision will be entered for the respondent. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩