GEARLD J. MULLINIX AND MARIE S. MULLINIX, HIS WIFE, APPELLANTS, v. LEO V. MORSE AND DOROTHY R. MORSE, HIS WIFE, RESPONDENTS.

No. 4894

September 29, 1965      406 P.2d 298

*Nada Novakovich,* of Reno, for Appellants.

*James A. Callahan,* of Winnemucca, for Respondents.

## OPINION

By the Court, ZENOFF, D. J.:

In this action for restitution of premises for the breach of a contract for the sale of real and personal property, the buyers, Gearld J. and Marie S. Mullinix, appeal from a decision of the Sixth Judicial District Court awarding Leo V. and Dorothy R. Morse, sellers, $6,278.73 damages, plus costs.

On June 1, 1960, buyers entered into a written contract for the purchase of Rodeo Lanes, a bowling alley in Winnemucca, and various equipment contained therein. The purchase price of $179,000 was to be paid as follows:

    a.   $10,000 upon execution of the contract.

    b.   $10,000 on or before 60 days from date of the contract.

    c.   Appellants assumed the payments on several promissory notes.

    d.   The balance of $70,031.62 was to be paid in $500 monthly installments until June 1, 1962; thereafter, in $800 monthly installments at 6 percent interest.

Buyers further agreed to assign to the sellers the principal due on two promissory notes, one for $10,000 executed by James J. Branscom and the other for $7,000 executed by John H. and Lorraine C. Small. These payments were to be applied to the unpaid purchase price. Buyers agreed to pay taxes on the real and personal property received under this contract and to keep in force fire, public liability and property damage insurance on the premises, and to keep the property free of liens.

Under the forfeiture clause of the contract, buyers

agreed to relinquish all rights under the contract and the money paid was to be considered rent for the use of the property and as liquidated damages. If buyers failed to comply with the agreement, and this failure continued for 15 days after written notice of default, they were to vacate and surrender the premises on demand. Time was of the essence. The bill of sale, the assumed notes, and the Branscom and Small promissory notes were all placed in escrow with instructions that in the event of the buyers' default, after 15 days' notice, the documents were to be delivered to the sellers.

On May 20, 1963, sellers served notice of default upon buyers, citing a delinquency in the May 1, 1963, $800 installment payment; $200 on the Acree note; and $528.26 on the May 1, 1963 payment to the First National Bank of Nevada. They also claimed a failure to pay insurance premiums, taxes and for repairs which caused liens to be placed on the premises for material and labor.

On June 6, 1963, an action for restitution of the premises was commenced at which time the buyers surrendered possession of the property. The stipulated sole issue before the trial court, after restitution had been voluntarily given, was the ownership of the Branscom and Small promissory notes. Below this stipulation agreement, an additional clause was placed which read, "Defendants (Appellants here) having hereby voluntarily surrendered possession of the premises may put at issue in this action other matters of counter-claim or set-off." At the time of default, buyers had paid $80,861.62 on the contract.

The lower court held that (1) the Branscom and Small promissory notes were to be returned to the buyers, but the $1,000 paid thereon to the buyers was to be turned over to the sellers; (2) that the sellers should be reimbursed for the payments, totaling $5,278.73, which became due while the buyers were in possession, but remained unpaid at the time of default. The buyers, Gearld J. and Marie S. Mullinix, appeal from this money judgment of $6,278.73 for the sellers.

The issue presented to the court is: Was the award of $6,278.73 by the lower court a recovery in damages

454

on breach of the contract of sale and, therefore, precluded by an election of the remedy of restitution?

The law is clear that damages and restitution are alternative remedies and an election to pursue one is a bar to invoking the other in a suit for breach of contract. Alder v. Drudis, 30 Cal.2d 372, 182 P.2d 195 (1947); Jozovich v. Central California Berry Growers Ass'n, 6 Cal.Rptr. 617, 183 Cal.App.2d 216 (1960); 5A Corbin on Contracts § 1223, at 482. The Restatement of Contracts § 381, is in accord.

"Election Between Damages and Restitution. (1) When the alternative remedies of damages and restitution are available to a party injured by a breach, his manifested choice of one of them by bringing suit or otherwise, followed by a material change of position by the other party in reliance thereon, is a bar to the other alternative remedy. (2) The bringing of an action for one of these remedies is a bar to the alternative one unless the plaintiff shows reasonable ground for making the change of remedy."

Our court has stated in Barringer v. Ray, 72 Nev. 172, 298 P.2d 933 (1956), that where a man has a right to choose one of two modes of redress and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge or means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.

The sellers elected the remedy of restitution, filed suit therefor, and secured immediate possession by temporary writ. By stipulation, the litigation was restricted to the ownership of the Branscom and Small promissory notes. Thus, the sellers chose restitution and rejected any claim for damages. The buyers had a right to rely on this fact and did so.

The sellers' choice of remedy precludes an award of damages. Damages, in addition to restitution, are limited to those cases where the damages arise during the

period when the property is being wrongfully withheld from those who have the right of possession. In McKelvey v. Rodriquez, 57 Cal.App.2d 214, 134 P.2d 870 (1943), the court refused to grant a money judgment for the failure, on the part of the buyers, to pay the principal and interest due on bond assessments levied after the contract, and for failure to maintain fire insurance and to pay taxes on the property. Also, in Paap v. Von Helmholt, 8 Cal.Rptr. 568 (1960), damages in the amount of the rental value for the time the buyer held possession of the property after default were awarded.

In this case, there is no issue of rents for illegal withholding. Rather, the sellers are seeking the payment of certain installments, due under the contract of sale, which they claim were items constituting breaches of contract. As they have elected the remedy of restitution, they cannot now ask for damages in the form of a refund for these payments as well.

Buyers' retention of the $1,000 paid on the Small promissory note was just another item in the overall breach of the contract by the buyers. This note, like the Branscom note, had been endorsed by the buyers, placed in escrow, and, although it was negotiated, delivery was conditional. The proceeds were to be used to "accelerate"[1] the payment of the purchase price in accordance with the provisions of the contract. The obligors were not notified to make future payments to the sellers and the notes were not delivered to the sellers. There was never a complete assignment. Rather, the note was deposited in escrow with the other papers and documents relating to the contract of sale. It was, then, a part of the contract. The buyers' failure to pay the monies collected on the Small note was another item of the default for which the sellers sought and secured restitution. Again, they are precluded from asking for money damages.

The decision of the lower court, awarding $6,278.73 to the sellers, is reversed. Judgment will be entered for the buyers, Gearld J. and Marie S. Mullinix, who were

---

[1]The contract reads, "In order to accelerate the payment of the balance of $70,031.62 payable under the contract * * *."

defendants below. The taxable costs of this appeal are allowed buyers.

THOMPSON and BADT, JJ., concur.