# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA ASSOCIATION SERVICES, INC., A NEVADA CORPORATION,
Appellant,
vs.
LAS VEGAS RENTAL & REPAIR, LLC SERIES 78, A NEVADA LIMITED LIABILITY COMPANY; BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION; AND SHADOW CROSSING HOMEOWNERS ASSOCIATION,
Respondents.

No. 73157

FILED

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

LAS VEGAS RENTAL & REPAIR, LLC SERIES 78, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION,
Respondent.

BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION,
Appellant,
vs.
SHADOW CROSSING HOMEOWNERS ASSOCIATION,
Respondent.

BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION,
Appellant,
vs.
SHADOW CROSSING HOMEOWNERS ASSOCIATION,
Respondent.

No. 73676

18-910646

## *ORDER AFFIRMING IN PART AND REVERSING IN PART*

These are consolidated appeals from a final judgment and award of attorney fees, following a bench trial, in a real property action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing these appeals, we affirm in part and reverse in part.

We conclude that the district court correctly determined that Bank of America cured the default as to the superpriority portion of the HOA's lien by tendering $621 to Nevada Association Services (NAS), which represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Although LVRR contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to record evidence of the tender, (3) Bank of America needed to take additional steps to keep the tender good, and (4) LVRR is protected as a bona fide purchaser, *Bank of America* rejected those same arguments. *Id.*

LVRR also argues that the district court's holding was erroneous because NAS rejected Bank of America's tender in good faith. "[G]ood faith is a question of fact." *Consolidated Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998). Therefore, the district court's finding that NAS lacked good faith when it

refused Bank of America's tender must be "given deference and will be upheld if not clearly erroneous and if supported by substantial evidence." *Weddell v. H2O*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (internal quotation marks omitted). We conclude that the district court's finding that NAS lacked good faith in rejecting Bank of America's tender was not clearly erroneous because it based this determination on several facts, particularly that NAS "did not consult with the HOA regarding the tender and made no effort to respond to the tender," that "NAS refused to give information regarding the monthly assessments," and that "NAS's policy of not responding to Bank of America's [letters] was unreasonable." Accordingly, the district court correctly determined that LVRR took title to the property subject to Bank of America's deed of trust.[1]

Additionally, Bank of America argues that the district court erred in finding that NAS acted outside of the scope of its duty to the HOA and that the HOA was not vicariously liable for NAS's actions. We review the terms of the contract between the HOA and NAS de novo. *Grand Hotel Gift Shop v. Granite State Ins. Co.*, 108 Nev. 811, 815, 839 P.2d 599, 602 (1992). The contract between the HOA and NAS demonstrates that the HOA conferred upon NAS unfettered authority to collect delinquent assessments. The broad language of the contract indicates that NAS's

---

[1]Bank of America argues that the district court erred in concluding that its claim for statutory breach of duty of good faith must fail because Bank of America did not have a contract with NAS. Bank of America does not develop this argument or explain what relief it could be entitled to given that the district court concluded—and this court affirms—that LVRR took the property subject to Bank of America's deed of trust. Therefore we do not consider it. *See Edwards v. Emperor Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (concluding that this court need not consider claims that are not cogently argued).

actions, including its decision to reject Bank of America's tender, were well within NAS's scope of authority. Moreover, the HOA is liable as a principal for NAS's actions as its agent because in rejecting Bank of America's tender, NAS acted in accordance with the HOA's best interests because NAS believed it could make Bank of America pay more. *See Dezzani v. Kern & Assoc., Ltd.*, 134 Nev. Adv., Op. 9, 412 P.3d 56, 61 (2018) (holding that a principal is liable "for the conduct of his agent that is within the scope of the agent's authority"); *see also Simmons Self-Storage v. Rib Roof, Inc.*, 130 Nev. 540, 549, 331 P.3d 850, 856 (2014) (holding that an agent acts with actual authority when "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act"). Accordingly, we conclude that district court erred in finding that the HOA is not vicariously liable for NAS's conduct.

In light of this, we further conclude that the district court erred in awarding $13,657.55 in attorney fees and costs to the HOA against Bank of America pursuant to NRCP 68 because we conclude that Bank of America's claim against the HOA was not brought in bad faith. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). Indeed, we conclude that Bank of America's claim against the HOA was reasonable because NAS acted within the scope of the HOA's authority. Therefore, this attorney fee and cost award is vacated.

In addition to holding that Bank of America's deed of trust survived the foreclosure sale, the district court awarded Bank of America damages against NAS for unjust enrichment and tortious interference of contract. NAS argues that Bank of America will recover in excess of its loss because the district court's order granted Bank of America damages resulting from its deed of trust being extinguished *and* ordered Bank of

America's deed of trust remained unaffected by the foreclosure sale. Bank of America argues that NAS lacks standing to challenge the damages awards because the district court entered a default against NAS. Despite NAS's default, we consider the issue of damages here because,

> even where there is an entry of default, the presentation of a prima facie case requires the nonoffending party to present sufficient evidence to show that the amount of damages sought is attributable to the tortious conduct and designed to either compensate the nonoffending party or punish the offending party.

*Foster v. Dingwall*, 126 Nev. 56, 64, 227 P.3d 1042, 1047 (2010). When alternative remedies are requested, the provision of one remedy precludes the granting of the alternative remedy. *Mullinix v. Morse*, 81 Nev. 451, 454, 406 P.2d 298, 300 (1965) ("The law is clear that damages and restitution are alternative remedies and an election to pursue one is a bar to invoking the other in a suit for breach of contract."). Here, given the district court's conclusion that Bank of America's deed of transfer survived the foreclosure sale, Bank of America is in the same position it would have been had NAS accepted Bank of America's tender; whether LVRR or the HOA or the homeowner own the property is irrelevant from Bank of America's perspective, so long as its deed of trust survives. Additionally, because the sale did not extinguish Bank of America's deed of trust, it was not entitled to any of the sale proceeds and NAS was therefore not unjustly enriched by retaining those proceeds. Therefore, the district court's multiple damages

awards in favor of Bank of America were improper.  Accordingly, we reverse the district court's money damages awards against NAS.  We therefore

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Nancy L. Allf, District Judge
Janet Trost, Settlement Judge
Akerman LLP/Las Vegas
Jones Lovelock
Kolesar & Leatham, Chtd.
Boyack Orme & Anthony
Clark Newberry Law Firm
Eighth District Court Clerk